ORIGINAL

# In the United States Court of Federal Claims

No. 14-277C
(Filed: June 27, 2014)
UNREPORTED

FILED

JUN 2 7 2014

U.S. COURT OF
FEDERAL CLAIMS

)
MARK C. JACKSON,                              )
)
                    Plaintiff,                )       **Repeated Actions; frivolous or**
)       **malicious filings; 28 U.S.C. § 1915;**
v.                                            )       **dismissal for lack of jurisdiction**
)
THE UNITED STATES,                            )
)
                    Defendant.                )
)

## ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION AND DISMISSING PLAINTIFF'S COMPLAINT

Mark C. Jackson ("Mr. Jackson" or "plaintiff") filed his pro se complaint against

the United States ("the government") on April 10, 2014.  Although somewhat difficult to

follow, the complaint claims that various state and federal entities have engaged in

"prohibited personnel practice[s], discrimination, and civil rights violations," compl. ¶

33, that have caused Mr. Jackson to suffer substantial financial, physical, and mental

harm.  In particular, plaintiff challenges the conduct of various agencies and courts of the

State of Florida, as well as the Social Security Administration, the United States

Department of Veterans Affairs ("VA"), the Navy, the Federal Bureau of Investigation,

and the United States Department of Education.

Plaintiff seeks (1) $1,889,224 in damages stemming from lost wages, false

imprisonment, and various due process violations; (2) annual federal retirement payments

in the amount of $120,000; (3) unspecified Vocational Rehabilitation benefits allegedly due to him by the VA; (4) $10 billion in exchange for the federal government's right to manufacture five million "solar-powered upwelling pipes" that Mr. Jackson claims he designed to prevent hurricanes; (5) patent protection for the solar-powered upwelling pipes and an order requiring the United States to implement the same; (6) treble damages under Florida law; and (7) a declaration that plaintiff is not mentally incompetent.

Before turning to plaintiff's motion, the court observes that this is not the first time Mr. Jackson has sought the same or similar relief in federal court. Indeed, this court dismissed Mr. Jackson's claims for Social Security and veterans benefits in 2008. See Jackson v. United States, 80 Fed. Cl. 560 (2008) (dismissing claims for lack of jurisdiction and denying transfer due to failure to exhaust his administrative remedies), aff'd 311 F. App'x. 356 (Fed. Cir. 2008).[1]  More recently, pursuant to 28 U.S.C. § 1915, the United States District Court for the Middle District of Florida dismissed as factually or legally frivolous plaintiff's claims, which appear to be identical to those lodged in the complaint before this court, stemming from prohibited personnel practice by the Navy, wrongdoing by the VA, various wrongdoing by state courts, assorted civil rights and conspiracy violations, as well as the claim for $10 billion in damages related to plaintiff's upwelling device. See Jackson v. Colvin, No. 3:12-cv-957, 2014 WL 54087 at *1-2

---

[1] Mr. Jackson subsequently pursued his claims for social security benefits in Jackson v. Astrue, No. 3:08-cv-461-J-34TEM, 2009 WL 4730550 (M.D. Dec. 4, 2009). Mr. Jackson has also litigated his VA related claims in other forums. See Jackson v. Peake, No. 07-0817, 2008 WL 4453370 (Vet. App. Sept. 30, 2008), appeal dismissed, Jackson v. Shinseki, 324 F. App'x (Fed. Cir. 2009).

(M.D. Fla. Jan. 3, 2014) (dismissing all claims as frivolous except for a claim for review of the Social Security Administration's adverse determination).

Res judicata, also known as claim preclusion, "prevents a party from relitigating the same claims that were or could have been raised before." Case, Inc. v. United States, 88 F.3d 1004, 1011 (Fed. Cir. 1996). Claim preclusion applies where "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). Although technically an affirmative defense, Transclean Corp. v. Jiffy Lube Int'l, Inc., 474 F.3d 1298, 1308 (Fed. Cir. 2007), the court may sua sponte raise the issue of claim preclusion to avoid judicial waste, such as when the "court is on notice that it has previously decided the issue presented." Arizona v. California, 530 U.S. 392, 412 (2000); see also Maracalin v. United States, 63 F. App'x 494, 496 (Fed. Cir. 2003) (approving trial court's sua sponte invocation of res judicata). Importantly, a finding of frivolousness can "have a res judicata effect on frivolousness determinations for future in forma pauperis petitions." Denton v. Hernandez, 504 U.S. 25, 32, 34 (1992) (noting that "a court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' . . . a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional'" (internal citations omitted)).

Mr. Jackson applied for this court's leave to proceed in forma pauperis on April 10, 2014. On June 16, 2014, the court denied plaintiff's motion on the ground that Mr. Jackson represented that he owned property valued and received monthly benefits. On

3

June 20, 2014, plaintiff filed a motion stating that he could not afford the filing fee and requesting that the court order the government to pay his filing fee. The court reads this motion as seeking reconsideration of the court's June 16, 2014 order.

28 U.S.C. § 1915 provides that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). As noted, plaintiff's Social Security claim has already been denied by this court, and his remaining claims were previously found to be legally or factually frivolous.[2] Because the court is bound by these prior decisions, the court cannot grant plaintiff's motion for reconsideration. Even if the court were not so bound, the court would find that plaintiff's claims related to his "upwelling device" clearly constitute the type of fantastic or delusional allegations that the court may dismiss as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Dozier-Carter v. United States, No. 2010-5141, slip op. at 2(Fed. Cir. Nov. 5, 2010) (per curiam).

The court notes that, even if plaintiff's case were not barred by res judicata, the court would nevertheless dismiss the complaint for lack of subject matter jurisdiction. This is because, as the Federal Circuit has explained, "[t]he Court of Federal Claims is a court of limited subject matter jurisdiction. . . . In other words, the Court of Federal

_____

[2] In this connection, the court notes that the United States District Court for the Middle District of Florida previously denied Mr. Jackson's request to proceed in forma pauperis in appealing certain orders on the grounds that his appeals were not taken in good faith. See Jackson v. Grimes, Case No. 6:05-CV-1643 (M.D. Fla. Filed Nov. 2, 2005), Doc. No. 169 (adopting magistrate's recommendation).

4

Claims only has the authority (i.e., jurisdiction) to hear certain types of cases." Duncan

v. United States, 446 F. App'x 303, 304-05 (Fed. Cir. 2011) (citing Massie v. United

States, 226 F.3d 1318, 1321 (Fed. Cir. 2000)). If the court determines that it does not

possess the authority to hear a plaintiff's case, then the entire complaint must be

dismissed for lack of jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). In

this connection, although the court will be lenient when construing a pro se plaintiff's

pleadings, Wilson v. United States, 404 F. App'x 499, 500 (Fed. Cir. 2010), the court

cannot overlook the absence of a non-frivolous claim within the court's jurisdiction. Id.;

Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995).

After carefully analyzing Mr. Jackson's complaint, the court has determined that it

lacks jurisdiction to consider any of Mr. Jackson's claims. To begin, this court lacks

jurisdiction to hear any of plaintiff's state law claims or allegations of illegal conduct by

Florida state officials. See Parker v. United States, 93 Fed. Cl. 159, 163 (2010)

(dismissal appropriate where plaintiff alleged State of Michigan took property, but failed

to allege some affirmative act by federal government). Plaintiff's claim of false

imprisonment sounds in tort, which is plainly outside of this court's grant of jurisdiction

under the Tucker Act. See 28 U.S.C. § 1491(a)(1) (United States Court of Federal

Claims has jurisdiction over enumerated cases "not sounding in tort"). Further, the Court

of Federal Claims lacks jurisdiction to hear either Mr. Jackson's Social Security disability

or veterans-related claims. Jackson v. United States, 80 Fed. Cl. at 564-67. Plaintiff's

claims pertaining to any civil rights or due process violations are similarly outside the

scope of the court's jurisdiction. See Allen v. United States, No. 13-148C, 2013 WL

858978 at *2 (Fed. Cl. Mar. 8, 2013) (citing cases). This court also lacks jurisdiction to grant non-monetary relief—in this case, a declaration that Mr. Jackson is not mentally incompetent—unless it is ancillary to a claim for money damages pending before the court. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998) (per curiam).

In conclusion, because plaintiff's claims have previously been deemed frivolous and are otherwise outside the court's jurisdiction, plaintiff's request for reconsideration to proceed in forma pauperis is **DENIED** and plaintiff's complaint is **DISMISSED**. Further, in light of Mr. Jackson's repeated filings in the court of Federal Claims and in the Middle District of Florida, the Clerk's Office is **DIRECTED** to screen further filings from this plaintiff and to accept no future filings from the plaintiff that repeat requests for relief on any of the issues raised in this court and in prior federal courts, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[3] Although 28 U.S.C § 1915A(a) expressly requires courts to review and screen frivolous and malicious complaints filed by prisoners, courts have held that screening is independently authorized for nonprisoners pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See, e.g., Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (dicta describing operation of § 1915(e)(2)(B)(i)); Kane v. Lancaster Cnty. Dep't of Corr., 960 F. Supp. 219, 222 (D. Neb. 1997).